IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00001-PAB

JENNIFER L. YANEZ-STEVENS,
on behalf of
DIANNE M. LIND, Deceased.

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AFFIRMING THE ADMINISTRATIVE LAW JUDGE**
_____

This matter comes before the Court on plaintiff Jennifer Yanez-Stevens' complaint [Docket No. 1], filed on January 1, 2009. Plaintiff, on behalf of her deceased mother, Dianne M. Lind, seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On May 20, 2004, Ms. Lind filed for disability benefits under the Act. R. at 133. She alleged a disability onset date of November 10, 2003. R. at 131. After Ms. Lind's claim was denied at the initial level, R. at 112, an Administrative Law Judge ("ALJ") conducted a hearing on September 26, 2005, at which Ms. Lind was not represented by counsel. R. at 270. On February 1, 2006, Ms. Lind passed away and her daughter,

Jennifer Yanez-Stevens was substituted as a party in interest. R. at 47. On June 7, 2006, the ALJ issued a decision denying plaintiff's application for benefits. R. at 270-278. Ms. Yanez-Stevens appealed this decision, R. at 130, and on March 30, 2007, the Appeals Council remanded the claim to the ALJ to further evaluate Dr. Claudia Elsner's consultive examination report and reevaluate Ms. Lind's residual functional capacity ("RFC"). R. at 264-66.

On June 17, 2008, the ALJ held a second hearing. R. at 48-72. Ms. Yanez-Stevens was represented by counsel at this hearing. The ALJ received testimony of a Vocational Expert ("VE") at this hearing. On August 5, 2008, the ALJ issued a decision denying plaintiff's claim. R. at 19-28. Plaintiff requested that the Social Security Administration Appeals Council review the ALJ decision. R. at 14. On November 12, 2008, the Appeals Council denied that request. R. at 8. Therefore, the ALJ's denial stands as the Commissioner's final decision on this matter. Plaintiff filed a timely appeal with this Court, making the Commissioner's final decision reviewable. *See* 42 U.S.C. § 405(g) (2006); *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## II. ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the Court may have reached a different result based on the record;

the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience."  *Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts."  *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### B. The ALJ Decision

In his August 5, 2008 decision, the ALJ reached step four in the sequential five-step analysis. At step one, the ALJ concluded that Ms. Lind had not engaged in substantial gainful activity since November 10, 2003, her alleged onset date. R. at 22. At step two, the ALJ determined that Ms. Lind had the following severe impairment: hepatitis C. R. at 22. At step three, the ALJ concluded that Ms. Lind did not have an impairment or combination of impairments that met or medically equaled the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. R. at 23.

The ALJ then turned to the task of determining plaintiff's RFC and found that Ms. Lind had

> the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except lift 20 pounds occasionally and 10 pounds frequently and carry 10 pounds occasionally, sit for 2 hours at one time and for 6 hours total in an 8-hour workday, stand for 30 minutes at one time and for 1 hour total in an 8-hour workday, walk for 20 minutes at one time and for 1 hour total in an 8-hour workday, occasionally reach overhead and frequently reach all other directions bilaterally, frequently handle, finger, feel and push/pull bilaterally, frequently operate foot controls bilaterally, occasionally climb stairs and ramps but should never be required to climb ladders or scaffolds, frequently stoop, crouch and crawl, occasionally balance and kneel, and that the claimant could frequently tolerate exposure to moving mechanical parts, operating a motor vehicle, humidity and wetness, and vibrations, and occasionally tolerate exposure to pulmonary irritants and extreme heat, but never tolerate exposure to unprotected heights or extreme cold.

R. at 23. In applying this RFC at step four, the ALJ found Ms. Lind was able to perform her past relevant work as a data entry clerk and billing clerk. R. at 27. The ALJ relied in part on the testimony of the VE that Ms. Lind could return to her past relevant work in reaching this conclusion. R. at 27. Based on his step four findings, the ALJ concluded that Ms. Lind had not been under a disability, as it is defined under the Act, from her

alleged onset date of November 10, 2003 through December 31, 2006, the last date she was insured. R. at 28.

### C. Plaintiff's Objections to the ALJ Decision

In her appeal, plaintiff objects to the ALJ's finding of no disability on three grounds: (1) the ALJ erred in formulating Ms. Lind's RFC by failing to include all the findings contained in Dr. Elsner's report; (2) the ALJ's step two findings were not based on substantial evidence because he did not consider Ms. Lind's thrombocytopenia, leukopenia or neutropenia; and (3) the ALJ failed to base his findings regarding Ms. Lind's credibility on substantial evidence. I address each of these objections in turn below.

#### *1. Formulation of Ms. Lind's RFC*

Plaintiff argues the ALJ erred in rejecting Dr. Elsner's opinion regarding the number of hours Ms. Lind could work in a day. Docket No. 8 at 13-17. Dr. Elsner, a non-treating physician, examined Ms. Lind in October 2005. Dr. Elsner filled out a form indicating that plaintiff could sit six hours, stand for one hour and sit for one hour in an 8-hour work day. R. at 259. However, Dr. Elsner's report also stated:

> Any type of restrictions do not pertain to any particular joint or muscle problems but to claimant's decreased stamina. This was not measured per se today. People with hepatitis C are known to have decreased endurance and stamina which can vary from day-to-day. The claimant's assessment for self was that she is able to work between two and three hours on a daily basis. This examiner agrees, adding that on some day [sic] the claiming might be able to work four hours, on others barely two hours.

R. at 257. The ALJ found that Dr. Elsner's report was "well supported by objective medical signs and findings" and gave it "substantial weight." R. at 26. Nonetheless, the

ALJ concluded that Dr. Elsner's comment on how many hours Ms. Lind could work in a given day was based only on Ms. Lind's subjective report and was not objectively measured. *Id.* Therefore, the ALJ rejected this added restriction and formulated an RFC without it. *Id.*

Plaintiff argues the ALJ erred by impermissibly substituting his own opinion for that of Dr. Elsner. However, the cases cited by plaintiff stand only for the proposition that an ALJ cannot substitute his *medical* opinion for that of a medical source. *See Lax v. Astrue*, 489 F.3d 1080, 1089 (10th Cir. 2007) (criticizing an ALJ for finding that variations in claimant's test scores undermined their validity despite medical professionals finding no such variations); *see also Winfrey v. Chater*, 92 F.3d 1017, 1021-22 (10th Cir. 1996) (finding the ALJ "clearly overstepped his bounds when he substituted his medical judgment" for that of a medical source) (citing *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir. 1987) (holding that an ALJ "can not interpose his own 'medical expertise' over that of a physician")). Here, the ALJ rejected Dr. Elsner's opinion, but only as to the credibility of Ms. Lind's subjective reports. Dr. Elsner specifically stated that Ms. Lind's complaints as to stamina were not objectively measured. Credibility determinations are the particular province of the ALJ and the ALJ here did not err by rejecting Dr. Elsner's opinion as to the veracity of Ms. Lind's subjective reports. *See Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

Moreover, the ALJ's rejection of this limitation was not inconsistent with his giving Dr. Elsner's report "substantial weight." *See* R. at 26. The ALJ explicitly stated that he assigned Dr. Elsner's report substantial weight because it was well supported by

objective medical findings. *See id.* The portion of Dr. Elsner's report describing the number of hours the claimant could work in a day, however, explicitly stated it was not based on objective measures. Therefore, the ALJ's decision was not inconsistent in rejecting this portion of Dr. Elsner's report.

### *2. Consideration of Impairments at Step Two*

Plaintiff argues that the ALJ erred at step two by failing to consider plaintiff's diagnoses of thrombocytopenia, leukopenia and neutropenia. Docket No. 8 at 17-18. At step two, a claimant must show that she has an "impairment or combination of impairments which significantly limits [her] . . . ability to do basic work activities." 20 C.F.R. § 404.1520(c). The claimant must not only show "the mere presence of a condition or ailment," but also demonstrate that the impairment, alone or in combination with others, has a "serious impact" on the claimant's ability to work, making it "severe." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

Although plaintiff is correct that the ALJ did not discuss these conditions in his decision, there is no evidence in the record suggesting that these conditions had a "serious impact" on Ms. Lind's ability to work. *See Hinkle*, 132 F.3d at 1352. None of the physicians who treated Ms. Lind suggested that these conditions would limit her work functioning. Plaintiff argues that these conditions provide additional explanation for Dr. Elsner's restriction on her working up to four hours per day. Docket No. 8 at 18. However, Dr. Elsner linked this restriction to plaintiff's hepatitis C and did not link it to any of Ms. Lind's other conditions. *See* R. at 257. Therefore, the ALJ did not err in failing to list these impairments as severe at step two.

Moreover, even if the ALJ did err by failing to discuss plaintiff's additional diagnoses and by failing to categorize them as impairments, the error would have had little impact on the ALJ's ultimate disability determination. At step four, the ALJ is to consider all of a claimant's impairments and limitations, even those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medical impairments that are not 'severe,' . . . when we assess your residual functional capacity."). In determining Ms. Lind's RFC, the ALJ considered all her symptoms and the entire record, and nothing in the record suggests that Ms. Lind's thrombocytopenia, leukopenia, or neutropenia imposed any additional restrictions that were not included in her RFC. R. at 23-24.

### 3. Credibility Determination

Plaintiff argues that the ALJ failed to properly support his finding that Ms. Lind's reports as to her capabilities were not credible. Docket No. 8 at 18-22. "It is well established that '[c]redibility determinations are peculiarly the province of the finder of fact,' but 'findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Jones v. Astrue*, 310 F. App'x 286, 289 (10th Cir. 2009) (quoting *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).

The ALJ did not err in finding that no objective medical evidence supported plaintiff's claims about the severity of her fatigue. *See* R. at 26. The ALJ affirmatively linked this finding to several reports of Ms. Lind's treating physicians. *See* R. at 24-25 (referring to the observations of Dr. Kuhn and Dr. Diab); *Jones*, 310 F. App'x at 289.

That one of these treating physician's observations was made before plaintiff's alleged onset date does not make it irrelevant, as plaintiff had been suffering from hepatitis C for nearly twenty years.  *See* R. at 24; *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (a doctor's medical observations from an earlier period are "nevertheless relevant to the claimant's medical history and should be considered by the ALJ."). Moreover, the ALJ found that Ms. Lind's self-reported daily activities were inconsistent with her reports regarding the severity of her abdominal pain and fatigue.  R. at 26-27. Although the testimony of Ms. Yanez-Stevens may have clarified the extent of Ms. Lind's daily activities in some respects, the ALJ did not err in ultimately finding that these activities were inconsistent with Ms. Lind's reports of the severity of her symptoms.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that the Commissioner's finding that the plaintiff is not disabled under the Act is based upon substantial evidence and represents a correct application of the law.  As a result, the Commissioner's decision is AFFIRMED.

DATED December 14, 2010.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge